**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 08-CR-14062-GRAHAM/MAYNARD**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**

**STEVE PATRICK ALBERT,**

      **Defendant.**

_____/

**REPORT AND RECOMMENDATION ON**
**PETITION FOR OFFENDER UNDER SUPERVISION**

Having conducted a hearing in this matter, I recommend as follows:

1.     A Petition for Offender Under Supervision (the "Petition") was filed in this case on May 8, 2026.  DE 56.

2.     The Defendant appeared before me on June 10, 2026, for a hearing on the violation alleged in the Petition. The Defendant indicated that he wished to admit Violation Number 1.

3.     I advised the Defendant of his right to have the District Judge assigned to this case accept his admission.  I advised that I was conducting the hearing at the request of the Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to this case.  I advised that the District Judge assigned to this case will be the sentencing judge, will make all findings and rulings concerning the Defendant's sentence, and will schedule and conduct the Sentencing Hearing.  I advised the Defendant that he did not have to permit me to conduct this hearing but could request a United States District Judge to take his admission instead.  The Defendant consented and agreed on the record to have a United States Magistrate Judge accept his admission.

4.      The Defendant admitted Violation Number 1 as alleged in the Petition.

5.      The possible maximum penalties faced by the Defendant were read into the record by the Government.  The Defendant stated that he understood those penalties.

6.      I questioned the Defendant on the record and made certain that he understood his right to an evidentiary hearing.  The Defendant acknowledged that he understood his rights in that regard and further understands that if his admission is accepted, all that will remain will be for the District Court to conduct a sentencing hearing for final disposition of this matter.

7.      The Government relied on the facts set forth in the Petition and an additional factual proffer to support the Defendant's admission to Violation Number 1.  The Defendant admitted that, as the Petition asserts, the Defendant was discharged from his counseling program for failing to participate in sex offender treatment at an acceptable level, as evidenced by his failure to adhere to his participation agreement.  The Defendant did not otherwise admit to the facts as stated by the Government and specifically did not admit that he had been untruthful in prior polygraph examinations.  Having heard the Government's proffer and heard the Defendant's admission, I find that there is a sufficient factual basis to support the Defendant's admission to Violation Number 1.

ACCORDINGLY, based upon the Defendant's admission under oath, I recommend to the District Court that the Defendant be found to have violated the terms and conditions of his supervised release as set forth in Violation Number 1 and that a sentencing hearing be set for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L. Graham, United States District Judge for the Southern District of Florida.  Pursuant to Federal Rule of Criminal Procedure

59(b)(2), failure to file a timely objection to this Report and Recommendation waives the party's right to review, and it bars the party from attacking on appeal any legal rulings or fact findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 16th day of June, 2026.

_____
SHANIEK MILLS MAYNARD
UNITED STATES MAGISTRATE JUDGE